AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

VELAZQUEZ

**SUMMONS IN A CIVIL ACTION**

V.

CITY OF NEW YORK, RAYMOND KELLY COMMISSIONER
OF NEW YORK CITY POLICE DEPARTMENT, LT. THOMAS
HARTIGAN AND SGT. CHARLES ROMERO sued
in their individual and professional capacities

CASE NUMBER:

08 CV 2159

TO: (Name and address of Defendant)

SEE ATTACHED

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Cronin & Byczek, LLP
    1983 Marcus Avenue, Suite C-120
    Lake Success, New York   11042
    516-358-1700

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    MAR 0 4 2008

_____          _____
CLERK                                                DATE

_____
(By) DEPUTY CLERK

City of New York
C/o New York City Law Department
100 Church Street
New York, New York   10007


Commissioner Raymond Kelly
New York City Police Department
One Police Plaza
New York, New York   10038
New York County

Lt. Thomas Hartigan
PSA#5 Precinct
221 East 123rd Street
New York, New York.


Sgt. Charles Romero
PSA#5 Precinct
221 East 123rd Street
New York, New York.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



08 CV 2159

------------------------------------------X

JULIANA VELAZQUEZ,

                    Plaintiff,

        - against -

CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF NEW YORK CITY
POLICE DEPARTMENT, LT. THOMAS
HARTIGAN and SGT. CHARLES
ROMERO, sued in their individual and
professional capacities,

                    Defendants.

------------------------------------------X

**COMPLAINT WITH
JURY DEMAND**



        Plaintiff, JULIANA VELAZQUEZ ("VELAZQUEZ"), by and

through her attorneys, the law firm of CRONIN & BYCZEK, LLP,

as and for her Complaint against Defendants, respectfully

sets forth the following:

### NATURE OF ACTION

        1.    This action is hereby commenced for the purpose of

seeking to secure protection of, and to redress the

deprivation of, rights secured by the United States

Constitution, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 1983, New York State Executive Law §

296, and New York City Human Rights Law § 8-107 et. seq.,

providing for relief based upon Defendants' unlawful

employment practices of engaging in sexual harassment of

1

Plaintiff, discrimination based upon Plaintiff's gender,
retaliation against Plaintiff for engaging in the protected
activity of formally complaining of said harassment, the
creation of a hostile work environment as well as assault,
false arrest, and malicious prosecution.

**JURISDICTION**

2.   The jurisdiction of this Court is invoked based
upon federal question and pursuant to the Constitution of
the United States, the New York State Constitution, 28
U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42
U.S.C. § 2000e through § 2000e (15).

3.   This Court has supplemental jurisdiction over the
federal claims pursuant to 28 U.S.C. § 1367.

4.   Jurisdiction is also invoked under the doctrine of
pendant jurisdiction with respect to any and all state
claims set forth in all counts.

5.   The rights, privileges and immunities sought
herein to be redressed are those secured by the equal
protection and due process clauses of the Fourteenth
Amendment of the United States Constitution and provisions
against gender discrimination and retaliation in employment
based upon Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. § 1983, along with applicable provisions
of the New York State Constitution, New York State Executive

2

Law and New York City Human Rights Law.

## **SATISFACTION OF PREREQUISITES UNDER TITLE VII**

6.   On or about February 14, 2007, Plaintiff, JULIANA VELAZQUEZ, in accordance with applicable law, filed a Verified Charge with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.   Said Verified Charge charged that Defendants engaged in unlawful employment discrimination practices based upon sex, sexual harassment, retaliation for engaging in protected activity, and the creation of a hostile work environment.

8.   On November 30, 2007, the EEOC issued a "Right to Sue" Letter advising Plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff received said "Right to Sue" Letter on December 6, 2008. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

9.   A copy will be served on the authorized agent of the New York City Human Rights Commission and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 and 8-

107 of the New York City Administrative Code.

## VENUE

10.  Venue is proper within the Southern District of this Court, County of New York, State of New York, as the course of Defendants' conduct took place within the boundaries of the County of New York, State of New York, and the instant causes of action are based upon violations of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## PARTIES

11.  Plaintiff, JULIANA VELAZQUEZ, is a female citizen of the United States and a resident of Westchester County, State of New York. At all times relevant to this action, Plaintiff VELAZQUEZ was a uniformed member of the New York City Police Department where she served as a Police Officer for three (3) years.

12.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. Defendant CITY OF NEW YORK is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

4

13.   Defendant RAYMOND KELLY ("KELLY") has been Police Commissioner of the New York City Police Department since January 2002 and was acting in such capacity at all times relevant herein; he is sued in his official capacity.

14.   Defendant THOMAS HARTIGAN ("HARTIGAN") is a Lieutenant in the New York City Police Department and had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

15.   Defendant CHARLES ROMERO ("ROMERO") is a Sergeant in the New York City Police Department and had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

16.   Plaintiff Juliana Velazquez was a New York City Police Officer and was appointed/hired on January 12, 2005. She was assigned as a Police Officer to the PSA#5 Precinct at 221 East 123rd Street, New York, New York.

## LIEUTENANT THOMAS HARTIGAN

17.   While Velazquez was assigned to PSA#5, Plaintiff's supervisor Defendant Lt. Thomas Hartigan was transferred to the precinct as its Executive Officer in September 2006 and

5

immediately changed Velazquez's assignment to include the
function of "driving the Lieutenant". Lt. Hartigan made
certain that Velazquez was given an assignment typically
requiring performance of a duty chart, which mirrors that of
the Lieutenant and working directly under the supervision of
Lt. Hartigan. Immediately, Lt. Hartigan began making
persistent romantic and sexual advances towards Juliana
Velazquez.

18.  For example, Lieutenant Hartigan would ask
Plaintiff to meet after work at various bars.

19.  Lt. Hartigan would also e-mail Plaintiff and make
inappropriate comments like Plaintiff looks "a lot better in
regular clothes."  Despite the numerous advances, Plaintiff
would continually refuse said advances.

20.  Lt. Hartigan asked Plaintiff if she would be his
date to the Precinct's Christmas Party.  Again, Plaintiff
refused.

21.  The night of the Christmas Party, around December
19, 2006, Plaintiff was at the bar where many of the
officers were after the party.  Lt. Hartigan approached
Plaintiff and told Plaintiff how pretty she was.  He was
then staring directly at Plaintiff's breasts and told her
how nice he thought they were.  He then asked Plaintiff if
her breasts were real.  Plaintiff was very uncomfortable and

6

tried to turn away. Lt. Hartigan then began stroking Plaintiff's arm and hand in a sexual manner and asked Plaintiff what she was doing later. Plaintiff refused Lt. Hartigan and told him she was going home with a police officer colleague.

22. Later that night, Lt. Hartigan called Plaintiff while was very drunk and asked Plaintiff where she was so that he could be with her.

23. Plaintiff was subjected to numerous acts of sexual harassment and discrimination based on her gender, and sexual harassment, hostile work environment, quid pro quo and unlawful retaliation.

24. Lt. Hartigan while making his sexual advances would also tell Plaintiff comments like sex with his wife "after the 100th time, is no good anymore."

25. Lt. Hartigan would also ask Plaintiff with regard to sex, how her boyfriend was like and whether he "took care of her."

26. After Plaintiff's continual refusals, Lt. Hartigan began to retaliate against Plaintiff.

27. Lt. Hartigan began to frequently yell at Plaintiff for trivial matters in retaliation for refusing to succumb to his sexual advances.

28. Lt. Hartigan would frequently try to pick on

Plaintiff and embarrass her in front of other officers in retaliation for refusing to succumb to his sexual advances.

29.  On or about February 2, 2007, Lt. Hartigan further retaliated against Plaintiff by inappropriately suspending her without pay after Plaintiff and another officer got into a verbal argument.  The other officer is the former girlfriend of Sgt. Romero and was not suspended. Defendants created a pretextual reason for suspending Plaintiff while the true reason was because Plaintiff had refused Lt. Hartigan's sexual advances.

30.  Plaintiff was inappropriately suspended for 34 days in violation of the NYPD Patrol Guide and the Collective Bargaining Agreement.

31.  On or about March 5, 2007, Plaintiff was formally notified in writing that her "probationary service was being reviewed regarding the incident that occurred on February 1, 2007."

32.  On March 7, 2007, Plaintiff wrote a formal written response to the Notice in which she retold her claims of sexual harassment, discrimination and retaliation by both Defendant Lt. Hartigan and Defendant Sgt. Romero.

### SERGEANT CHARLES ROMERO

33.  While Plaintiff was assigned to PSA#5 in or about December 2005 she became involved with her supervisor

8

Defendant Sgt. Charles Romero in a consensual sexual relationship.

34.  Sgt. Romero began to display increasingly jealous behavior towards Plaintiff to the point where he needed to know her exact location at all hours while she was working and when she was off-duty.  As a result Plaintiff broke off her relationship with Sgt. Romero.  Notwithstanding, their break up, Sgt. Romero continued to make unwanted sexual advances, harass and retaliate against Plaintiff.

35.  In January 2007 upon information and belief, Sgt. Romero was transferred from the 23rd Precinct as a result of the EEO complaint filed on December 17, 2006 by Plaintiff.

36.  On September 1, 2007 Plaintiff was suspended again from NYPD for failing to notify the department of an off duty incident involving Sgt. Romero. On the day of the incident Plaintiff went to Sgt. Romero's home to retrieve repayment of monies that were owed to her.  Defendant Romero paid Plaintiff but got into an argument on the street because once again Plaintiff refused Romero's demand that Plaintiff have sex with him. The Yonkers Police Department arrived at 2:00 a.m. and took Plaintiff and Defendant's names.

37.  Plaintiff returned home prepared to notify the NYPD about the incident in the morning.  Plaintiff intended

9

to obtain a copy of the complaint report and contact information at Yonkers Police Department to provide to NYPD.

38.  Prior to awakening at approximately 5:00 a.m. Plaintiff received a voice mail from a Sergeant in the Bronx investigation unit demanding Plaintiff report to the 48th Precinct.  At 05:30 hours when Plaintiff reported to the 48th Precinct she was suspended by the duty Captain.

39.  Upon information and belief nowhere in the NYPD patrol guide does it state a time limit for notification of an off duty incident.  Upon information and belief other similarly situated officers have never been suspended under similar circumstances.

40.  Shortly thereafter having been told by her PBA delegate, PBA lawyer and others that the paperwork was being prepared for her termination, Plaintiff attempted but was refused the right to resign.

41.  On September 26, 2007 Velazquez's services as a probationary Police Officer in the New York City Police Department were terminated.  From September 26,2007 to present Sgt. Romero continues to harass and harm Plaintiff.

42.  On or about October 16, 2007 Defendant Charles Romero showed up at Plaintiff's home yelling and cursing at her.  Sgt. Romero threatened her and told her "things were going to get worse for you."  Plaintiff was in fear of Sgt.

10

Romero and concerned for her safety and well-being and made a formal sworn written allegation against Sgt. Romero at the 2nd Precinct of the Yonkers Police Department.

43.  On or about October 31, 2007 the Yonkers Police Department informed Plaintiff that Sgt. Romero had made a complaint about phone calls against her and she was arrested and charged with aggravated harassment in the second degree.

44.  These false allegations, false arrest and malicious prosecution of Plaintiff were perpetrated despite the fact that Plaintiff was the victim.  These acts were committed under color of law and in violation of Plaintiff's civil rights.

45.  From December 2005 through September 2007, while assigned to PSA#5, Defendants Hartigan and Romero used their authority and rank to change Plaintiff's post, assignment and tours all in retaliation for spurning their sexual advances.

46.  Further, Defendants Romero and Hartigan conspired to falsely charge and suspend Plaintiff and ultimately have Plaintiff terminated all in retaliation for Plaintiff's acts of spurning Defendants' sexual advances and complaining about the sexual harassment, discrimination and retaliation.

47.  Despite having received " well above standards" yearly evaluations through her entire career, Velazquez's

11

most recent evaluation was reduced to "meets standard" and contained negative comments regarding her ability to deal with people.   Finally, Plaintiff was not permitted to resign and was wrongfully terminated from her position all in violation of her civil rights.

### AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

49.  Defendants are in violation of 42 U.S.C. § 1983, which authorizes this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under color of state law.

50.  Throughout the events recited herein, the Defendants while acting under color of law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution and Civil Rights as guaranteed under Article I, Section II of the New York State Constitution, based on

12

plaintiffs gender, and in retaliation for plaintiff's opposition to discrimination, in violation of 42 U.S.C. § 1983.

51. As a result, plaintiff has been deprived of her Constitutional Rights, been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions. The actions of defendants in depriving Plaintiff of her constitutional rights, as hereinbefore stated, were willful and malicious.

52. As a result of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus legal expenses. As a result of Defendants' actions, Plaintiff has suffered economic loss and continues to suffer to this day.

## AS AND FOR PLAINTIFF'S SECOND CLAIM
## AGAINST DEFENDANT CITY OF NEW YORK
## PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL
## RIGHTS ACT, AS AMENDED, BASED UPON SEXUAL HARASSMENT

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" above, as if fully set forth herein.

54. Defendant discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in, condoning and tolerating sexually suggestive, lewd and

vulgar comments, images and jokes, unwelcome and offensive touching and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

55.   The named Defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as Plaintiff's supervisors.

56.   By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

57.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

58.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON RETALIATION**

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "59" above, as if fully set forth herein.

60. Based upon the above, plaintiff was discriminated against by defendants by being forced to endure continued and repeated harassment.

61. The Defendant intentionally and willfully harassed plaintiff and permitted plaintiff to be harassed in employment by retaliating against Plaintiff for exercising her lawfully protected right to formally complain of Defendants' discrimination and sexual harassment. Defendants retaliated against Plaintiff by denying her of the conditions, terms and Privileges of her employment. The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

62. By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-3 (a).

63. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her

15

employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

64. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON GENDER**

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "65" above, as if fully set forth herein.

66. Defendants, in their individual and professional capacities, discriminated against Plaintiff based upon her gender by treating similarly situated male employees more favorably. The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

67. The named Defendants condoned, tolerated and undertook these unlawful discriminatory actions while acting in their individual and professional capacities as Plaintiff's supervisors.

68. By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

16

69.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

70.  Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON HOSTILE WORK ENVIRONMENT

71.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "71" above, as if fully set forth herein.

72.  Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted and offensive physical touching, crude and derogatory sexual comments, jokes and images, unwarranted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

73.  The named Defendants acted in their individual and professional capacities.  No significant action was taken by

17

defendant, CITY OF NEW YORK, to stop the sexual harassment of Plaintiff, thereby contributing to a hostile work environment.

74.  By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2 for which they are liable.

75.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

76.  Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST
ALL DEFENDANTS PURSUANT TO VIOLATIONS OF
NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON GENDER**

77.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "77" above, as if fully set forth herein.

78.  Defendants, in their individual and professional capacities, discriminated against Plaintiff based upon her gender by treating similarly situated male employees more favorably. The cumulative effect of Defendants' conduct

18

created an abusive, offensive and contaminated work atmosphere.

79. Named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

80. As a result of Defendants gender discrimination, Plaintiff suffered significant adverse employment actions.

81. By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(a).

82. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

83. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S SEVENTH CLAIM AGAINST
ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK
STATE EXECUTIVE LAW § 296 BASED UPON SEXUAL HARASSMENT**

84.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "84" above, as if fully set forth herein.

85.  Defendants, in their individual and professional capacities, discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in, condoning and tolerating sexually suggestive, lewd and vulgar comments, images and jokes, unwelcome and offensive touching, and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants= conduct has created an abusive, offensive and contaminated work atmosphere. The named Defendants undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

86.  As a result of this sexual harassment, Plaintiff suffered adverse employment action, including, but not limited to, the denial of overtime, receipt of poor evaluations, and unwarranted discipline.

20

87.  By engaging in the actions set forth in the preceding paragraphs, Defendants engaged in an unlawful discriminatory practice, as defined by New York Executive Law § 296 1(a).

88.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants, the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

89.  Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RETALIATION

90.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "90" above, as if fully set forth herein.

91.  Defendants engaged in activities constituting retaliation against Plaintiff for her complaints, and in opposition to the sexual harassment and gender discrimination of Plaintiff, including, but not limited to, subjecting Plaintiff to derogatory comments and hostility, unwarranted criticisms and complaints, embarrassment and

humiliation in front of other employees, and refusing to respond to Plaintiff's demands to cease and desist the discrimination and sexual harassment. The named Defendants, in their individual and professional capacities, retaliated against Plaintiff because she opposed practices made unlawful by New York Law Executive Law § 296.

92.   By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

93.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss suffered as a consequence of Defendants' actions.

94.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S NINTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON HOSTILE WORK ENVIRONMENT**

95.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "95" above, as if fully set forth herein.

96.   Defendants engaged in activities which created a

22

hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted and offensive physical touching, crude and derogatory sexual comments, jokes and images, unwarranted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

97.  The named Defendants acted in their individual and professional capacities.

98.  By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

99.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

100. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR PLAINTIFF'S TENTH CLAIM PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON HOSTILE WORK ENVIRONMENT

101. Plaintiff repeats and realleges each and every

allegation contained in paragraphs "1" through "101" above, as if fully set forth herein.

102. Defendants engaged in activities that created a hostile working environment for Plaintiff based upon Defendants' continuous and persistent sexual harassment of Plaintiff, Defendants' discriminatory behavior based upon Plaintiff's gender and in retaliation for Plaintiff's lawful exercise of her First Amendment Rights, and Defendants' refusal to respond to Plaintiff's demands to cease and desist.

103. The named Defendants acted in their individual and professional capacities.

104. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

105. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges rising from her employment with Defendants, and also the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

106. Because of the foregoing Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

24

## AS AND FOR PLAINTIFF'S ELEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON GENDER

107. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "107" above, as if fully set forth herein.

108. Defendants discriminated against Plaintiff by engaging in activities constituting gender discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against Plaintiff with respect to the terms, conditions and privileges of her employment because of her gender.

109. Defendants discriminated against Plaintiff by engaging in activities constituting discrimination based upon Plaintiff's gender, including but not limited to: condoning, tolerating and engaging discriminatory behavior

110. The named Defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as plaintiff's supervisors.

111. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

112. As a result of the foregoing, Plaintiff has

25

suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and has suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of the defendants' actions.

113. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR PLAINTIFF'S TWELFTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RETALIATION

114. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "114" above, as if fully set forth herein.

115. Defendants engaged in retaliatory activities against Plaintiff for her complaints and objections to the discrimination based upon gender and sexual harassment, including but not limited to, derogatory and lewd sexual comments, unwarranted criticisms, complaints and orders to transfer, embarrassment and humiliation in front of other employees, and refusing to respond to Plaintiff's demands to cease and desist.

116. The named Defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

117. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

118. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

119. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S THIRTEENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON SEXUAL HARASSMENT

120. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "120" above, as if fully set forth herein.

121. Defendants, in their individual and professional capacities, discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in, condoning and tolerating sexually suggestive, lewd and vulgar comments, images and jokes, unwelcome and offensive

27

touching, and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

122. The named Defendants condoned, tolerated and undertook these actions while acting in their capacities as Plaintiff's supervisors.

123. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

124. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

125. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S FOURTEENTH
## CLAIM AGAINST ALL DEFENDANTS
### (MONELL CLAIM)

126. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "126" above, as

28

if fully set forth herein.

127. Defendant, CITY OF NEW YORK, has embarked on a course of conduct that deprives Plaintiff and other female police officers of their rights under the United States Constitution and federal and state law in violation of 42 U.S.C. § 1983.

128. The actions of defendants, acting under of color of state and local law, custom and usage, have deprived Plaintiff and will deprive other female police officers in the future of their rights, privileges and immunities under the laws and Constitution of the United States, and in particular, their right to be free of employment practices that are based solely on gender and retaliation.

129. By these actions, defendants have jointly and severally deprived Plaintiff of her rights under the Fourteen Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

130. By virtue thereof, Plaintiff is entitled to a permanent injunction against the NYPD, together with compensatory and punitive damages, prohibiting the Defendants from continuing to violate plaintiff's civil rights as hereinbefore stated.

131. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

29

## AS AND FOR PLAINTIFF'S FIFTEENTH CLAIM FOR AIDING AND ABETTING UNDER NYSHRL AS TO LT. THOMAS HARTIGAN

132. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "132" with the same force and effect as if set out herein at length.

133. By the acts alleged herein, Lt. Hartigan is liable to Velazquez for aiding and abetting the illegal acts of the City of New York under NYSHRL.

134. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S SIXTEENTH CLAIM FOR AIDING AND ABETTING UNDER NYSHRL AS TO SGT. CHARLES ROMERO

135. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "135" with the same force and effect as if set out herein at length.

136. By the acts alleged herein, Sgt. Romero is liable to Velazquez for aiding and abetting the illegal acts of the City of New York under NYSHRL.

137. Because of the foregoing, Plaintiff has been damaged

in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S SEVENTEENTH CLAIM FOR AIDING AND ABETTING UNDER NYCHRL AS LT. THOMAS HARTIGAN

138. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "138" with the same force and effect as if set out herein at length.

139. By the acts alleged herein, Lt. Hartigan is liable to Velazquez for aiding and abetting the illegal acts of the City of New York under NYCHRL.

140. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S EIGHTEENTH CLAIM FOR AIDING AND ABETTING UNDER NYCHRL AS TO SGT. CHARLES ROMERO

141. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "141" with the same force and effect as if set out herein at length.

142. By the acts alleged herein, Sgt. Romero is liable to Velazquez for aiding and abetting the illegal acts of the City of New York under NYCSHRL.

143. Because of the foregoing, Plaintiff has been damaged

31

in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S NINTEENTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO LT. THOMAS HARTIGAN

144. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "144" with the same force and effect as if set out herein at length.

145. That at all times immediately preceding and during said incident, Defendant THOMAS HARTIGAN maliciously embarked on a course of conduct intended to cause Plaintiff to suffer mental and emotional distress, tension and anxiety.

146. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries.

147. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits, serious physical and mental injury and accompanying mental stress and anguish.

148. That by reason of the foregoing, Plaintiff JULIANA VELAZQUEZ sustained injuries and damages and begs leave of the Court to award damages accordingly.

32

## AS AND FOR PLAINTIFF'S TWENTIETH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO SGT. CHARLES ROMERO

149. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "149" with the same force and effect as if set out herein at length.

150. That at all times immediately preceding and during said incident, Defendant CHARLES ROMERO maliciously embarked on a course of conduct intended to cause Plaintiff to suffer mental and emotional distress, tension and anxiety.

151. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries.

152. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits, serious physical and mental injury and accompanying mental stress and anguish.

153. That by reason of the foregoing, Plaintiff JULIANA VELAZQUEZ sustained injuries and damages and begs leave of the Court to award damages accordingly.

33

## AS AND FOR PLAINTIFF'S TWENTY FIRST CLAIM FOR FALSE ARREST AND MALICIOUS PROSECUTION AS TO SGT. CHARLES ROMERO

154. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "154" with the same force and effect as if set out herein at length.

155. That at all times immediately preceding and during said incident, Defendant CHARLES ROMERO maliciously and intentionally unlawfully caused Plaintiff to be arrested and prosecuted causing Plaintiff to suffer mental and emotional distress, tension and anxiety.

156. That as a result of Defendant's conduct, Plaintiff has become tense, nervous, irritable, suffered great mental anguish, anxiety, loss of sleep, loss of weight and other psychological injuries and has lost wages and been forced to retain a lawyer.

157. That by reason of and as a consequence of said infliction of emotional distress, the Plaintiff has sustained loss of pay and benefits and serious physical and mental injury and accompanying mental stress and anguish.

158. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S TWENTY SECOND CLAIM FOR ASSAULT AS

## AGAINST ALL DEENDANTS

159. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "159" with the same force and effect as if set out herein at length.

160. At time and place alleged above, the individual named Defendants, CHARLES ROMERO and THOMAS HARTIGAN, willfully, wantonly, maliciously and recklessly assaulted the Plaintiff by cursing, yelling and putting Plaintiff in fear for her life.

161. At the time of the assault, the Defendants were agents, servants and employees of the City of New York Police Department and were acting in the course of their employment. As such, the Defendant THE CITY OF NEW YORK is liable.

162. Upon information and belief at all times hereinafter mentioned, Defendants CHARLES ROMERO and THOMAS HARTIGAN, neglected, omitted and/or was willfully and/or culpably negligent in failing to comply with statutes, ordinances, codes, rules, order and/or requirements of State, City and/or local governments then and there existent.

163. The injuries sustained by the Plaintiff herein

35

were sustained without any fault, want of care or culpable
conduct on the part of the Plaintiff herein, but solely by
virtue of the negligent, omission, willful or culpable
negligence of the defendants in failing to comply with
statutes, ordinances, rules codes, orders and/or other
requirements of State, City and/or local governments then
and there existent.

164. Solely by reason of the foregoing the Plaintiff
became sick, sore, lame and disabled, and suffered and still
suffers great physical and mental pain, and sustained severe
injuries which have required extensive medical treatment.
Plaintiff has also sustained loss of pay and benefits.

165. Because of the foregoing, Plaintiff has been damaged
in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S TWENTY THIRD CLAIM FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO LT. THOMAS HARTIGAN

166. Plaintiff repeats, reiterates and realleges each
and every allegation contained in paragraphs "1" through
"166" with the same force and effect as if set out herein at
length.

167. That at all times immediately preceding and during

36

said incident, Defendant THOMAS HARTIGAN maliciously and

intentionally sexually harassed and sexually assaulted

Plaintiff causing mental and emotional distress, tension and

anxiety.

168. That as a result of Defendant's conduct, Plaintiff

has become tense, nervous, irritable, suffered great mental

anguish, anxiety, loss of sleep, loss of weight and other

psychological injuries.

169. That by reason of and as a consequence of said

infliction of emotional distress, the Plaintiff has

sustained loss of pay and benefits, serious physical and

mental injury and accompanying mental stress and anguish.

170. Because of the foregoing, Plaintiff has been damaged

in the amount of FIVE MILLION DOLLARS ($5,000,000.00).


**AS AND FOR PLAINTIFF'S TWENTY FOURTH CLAIM FOR NEGLIGENT AND
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO SGT.
CHARLES ROMERO**


171. Plaintiff repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through

"171" with the same force and effect as if set out herein at

length.

172. That at all times immediately preceding and during

said incident, Defendant CHARLES ROMERO maliciously and

intentionally sexually harassed and sexually assaulted
Plaintiff causing mental and emotional distress, tension and
anxiety.

173. That as a result of Defendant's conduct, Plaintiff
has become tense, nervous, irritable, suffered great mental
anguish, anxiety, loss of sleep, loss of weight and other
psychological injuries.

174. That by reason of and as a consequence of said
infliction of emotional distress, the Plaintiff has
sustained loss of pay and benefits, serious physical and
mental injury and accompanying mental stress and anguish.

175. Because of the foregoing, Plaintiff has been damaged
in the amount of FIVE MILLION DOLLARS ($5,000,000.00).


## AS AND FOR PLAINTIFF'S TWENTY FIFTH CLAIM FOR NEGLIGENT HIRING; SUPERVISION

176. Plaintiff repeats, reiterates and realleges each
and every allegation contained in paragraphs "1" through
"176" with the same force and effect as if set out herein at
length.

177. The Defendant, THE CITY OF NEW YORK, and its
Police Department, and their agents, servants and employees
were negligent in hiring the named individuals, negligent in
training, supervising and controlling said Defendants

38

HARTIGAN and ROMERO; as they knew or should have known that they were not qualified or fit to be or to continue to be police commanding officers, and in not establishing proper rules and regulations concerning the incidents complained of herein.

178. That at all times that the Defendants HARTIGAN and ROMERO committed the actions stated in this Complaint while they were acting in the scope of their employment.

179. That by reason of the foregoing, Plaintiff JULIANA VELAZQUEZ sustained injuries and has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Declaring that the aforementioned discriminatory actions of Defendants are unconstitutional, and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. ' 1983, the New York State Constitution, New York State Executive Law ' 296, and New York Civil Rights Law ' 8-107;

2. Granting Plaintiff money damages in the amount of no less than FIVE MILLION DOLLARS ($5,000,000.00) in

compensatory damages or in an amount to be proven at trial for each cause of action;

    4.   Granting Plaintiff, TWO MILLION DOLLARS ($2,000,000.00) in punitive damages;

    5.   Granting Plaintiff injunctive relief;

    5.   Granting Plaintiff all costs for this action, including reasonable attorneys fees incurred by Plaintiff; and

    6.   Granting Plaintiff such other and further relief as may be just and proper.

### JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated:  Lake Success, New York
       February 29, 2008

Yours, etc.
CRONIN & BYCZEK, LLP

By: _____

LINDA M. CRONIN (LC0766)
Attorneys for Plaintiff
1983 Marcus Avenue, Suite C-120
Lake Success, New York  11042-1016
(516) 358-1700

40

# EXHIBIT "A"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Juliana Velazquez<br>68 Loring Avenue<br>Yonkers, NY 10704 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01729 | Dolanda E. Young,<br>Investigator | (212) 336-3758 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

**Spencer H. Lewis, Jr.,**
**Director**

NOV 3 0 2007

*(Date Mailed)*

Enclosures(s)

cc:  **Linda M. Cronin, Esq.**
**Cronin & Byczek LLP**
**1983 Marcus Avenue**
**Lake Success, NY 11042**

**Rebecca Chasan, Esq.**
**NYC Police Department**
**1 Police Plaza**
**Room 1406**
**New York, NY 10038**

*Index No.*                        *Year* 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIANA VELAZQUEZ,

                                              Plaintiff,

        - against -

THE CITY OF NEW YORK, et al.,

                                              Defendants.

SUMMONS and COMPLAINT

Cronin & Byczek LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York  11042

(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                        *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*                    20
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                        *one of the judges of the within named Court,*
SETTLEMENT  *at*
        *on*              20        *, at*          *M.*

*Dated:*

                                    Cronin & Byczek LLP
                                    1983 Marcus Avenue
                                    Suite C-120
                                    Lake Success, New York  11042

*To:*