```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JULIANA VELAZQUEZ,                            ~~Joint~~
                                              ~~Proposed~~ Scheduling Order
            Plaintiff,
                                              08 CV 2159
    -against-                                 (BSJ)(GWG)

CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, LT. THOMAS HARTIGAN
and SGT. CHARLES ROMERO, sued in their
individual and professional capacities.

            Defendants.
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/08

Pursuant to this Court's Order for Conference dated June 2, 2008, Plaintiff and Defendants (hereinafter "City defendants") file this Proposed Scheduling Order. The Counsel identified below has conferred as required by Fed.R.Civ.P. 26(1) and subsequently prepared the following report.

1. The Initial Case Management conference in this matter is scheduled for June 27, 2008 at 11:15 a.m. before United States Magistrate Judge Gabriel W. Gorenstein in Courtroom 17A Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.

```
Appearing for Plaintiff            Appearing for City Defendants

CRONIN & BYCZEK, LLP               MICHAEL A. CARDOZO
1983 Marcus Ave. Ste. C-120        Corporation Counsel of the
Lake Success, New York 11042       City of New York
516-358-1700                       100 Church Street
                                   New York, New York 10007
By: Doris Rios Duffy, Esq.         212-788-8703
    Of Counsel                     By: Donna A. Canfield
```

2. **Statement of Issues:**

   A.   Plaintiff was a probationary police officer in the Police Department of the City of New York. Plaintiff asserts claims of employment discrimination based upon allegations of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 ("section 1983"); the New York State Human Rights Law, Executive Law §296 et. seq. (The "City Law"). The Plaintiff also seeks relief based upon allegations of retaliation for her opposition to such unlawful employment actions under the Executive Law and City Law. Plaintiff further asserts state tort claims of intentional and negligent infliction of emotional distress, false arrest, malicious prosecution, negligent hiring and supervision.

   B.   Defendant Sgt. Charles Romero is and was a Sergeant with the New York City Police Department. Defendant Hartigan is a retired member of the service of the New York City Police Department having retired at the rank of Lieutenant.

3. **The parties propose the following:**

   a.   the deadline by which the parties may move to amend the pleadings or join any other parties: **November 1, 2008**

   b.   dates for document request, initial interrogatories and responses thereto: initial disclosures should be

        made on or before **July 27, 2008** or within 30 days of initial conference and first document requests and interrogatories served on or before **September 30, 2008**

   c.   the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place: all **fact witnesses to be deposed on or before December 30, 2008**

   d.   a date by which all non-expert discovery shall be completed: **January 30, 2009**

   e.   dates by which the disclosures of the identities and report of experts required by Rule 26 (a)(2) will be made: **March 2, 2009**

   f.   the date by which depositions of experts shall be completed: **April 30, 2009**

   g.   the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted: ~~March~~ May 30, 2009

4.  **A statement of any limitations to be placed on discovery, including any protective or confidentiality orders:**

The parties anticipate that discovery shall proceed as provided for in the Federal Rules of Civil Procedure and do not foresee the need for any changes in the terms of timing, form or requirements. However, the parties reserve the right to request amendments to the discovery schedule and/or changes in terms of discovery, timing, form or requirements if necessary.

5.  **The parties are unaware of any discovery issues at this time.**

6. **Anticipated fields of expert discovery, if any:** Plaintiff anticipates utilizing the services of a domestic violence expert, psychologist and a police equal employment opportunity expert. Defendants do not anticipate the use of experts, however reserve the right to utilize experts in the areas identified by plaintiff.

7. Anticipated length of trial and whether, and by whom a jury has been requested: **Plaintiff has requested a jury and expects the trial to last 5 business days.**

8. (a) The approximate date or state of the case when the parties believe it would be most helpful to engage in settlement discussions would be upon closure of non-expert discovery and (b) the parties would be amenable to discussing settlement before the Magistrate Judge at that time.

9. "All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good

cause therefore not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel of the party. Any application not in compliance with is paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions."

Dated: June 27, 2008

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
UNITED STATE MAGISTRATE JUDGE